**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

MISTY JOBE                                                                                              PLAINTIFF

v.                                                                              CIVIL ACTION NO.1:11CV196-AS

ALLIANCE COLLECTION SERVICE                                                     DEFENDANT

**MEMORANDUM OPINION**

Presently before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim [5]. For the reasons set forth below, the motion is GRANTED.

**FACTUAL BACKGROUND**

On September 12, 2011, Plaintiff Misty Jobe initiated the instant action against Defendant Alliance Collection Services, seeking to remedy Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* (FDCPA). Defendant, in turn, filed a counterclaim on October 21, 2011, attempting to collect on Plaintiff's underlying credit obligation. Plaintiff thereafter filed a Rule 12(b)(1) Motion to Dismiss asserting this Court does not have supplemental jurisdiction over Defendant's counterclaim on November 10, 2011.

**MOTION TO DISMISS STANDARD**

Federal courts are courts of limited jurisdiction. Peoples v. Nat'l Bank v. Office of the Comptroller of the Currency of the United States, 362 F.3d 333, 336 (5th Cir. 2004). Without an explicit Congressional conferral of jurisdiction, the federal courts have no power to adjudicate claims. Id. Parties may therefore challenge the district court's jurisdiction to hear a claim under Federal Rule of Civil Procedure 12(b)(1). FED. R. CIV. P. 12(b)(1). The court must consider a motion to dismiss for want of subject matter jurisdiction before hearing any other claim because

if lacking, the court has no power to issue a ruling. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).

## DISCUSSION

Federal Rule of Civil Procedure 13 defines two possible categories of counterclaims, compulsory and permissive. FED. R. CIV. P. 13. Compulsory counterclaims "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Such claims are unique in that they fall within the jurisdiction of federal courts even if they would normally be a matter for state court consideration. Plant v. Blazer Fin. Servs., Inc., of Georgia, 598 F.2d 1357, 1359 (5th Cir. 1979). The court applies the "logical relationship" test to determine whether a counterclaim is compulsory, inquiring into whether "the counterclaim arises from the same 'aggregate of operative facts,'" or, whether the "aggregate core of facts upon which the claims rests activates additional legal rights, otherwise dormant, in the defendant." Plant, 598 F.2d at 1361 (quoting Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970)).

Permissive counterclaims, on the other hand, do "not aris[e] out of the transaction or occurrence that is the subject matter of the opposing party's claims." FED. R. CIV. P. 13(b). Such permissive counterclaims can nonetheless be brought so long as there exists an independent source of jurisdiction, or, in the alternative, the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 would be proper. Plant, 598 F.2d at 1359; See 28 U.S.C. § 1367. Section 1367 provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court may deny to exercise supplement jurisdiction if: (i) the claim raises a novel or

complex issue of state law, (ii) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or (iv) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Because finding the counterclaim to be compulsive would cut short the court's analysis, that question is addressed first. Plaintiff argues, and this Court finds persuasive, that "the counterclaim does not arise from the same aggregate of operative facts, as Plaintiff's claim is for unfair debt collection practices, which is separate and distinct from the breach of contract action Defendant brings."

Although the Fifth Circuit has not directly addressed the question of whether an action to collect on an underlying loan transaction arises from the same aggregate of operative facts as does an FDCPA claim based on the creditor's attempt to make good on that loan, at least two district courts in our Circuit have confronted this question. Those courts both held that such a counterclaim does not arise from the same aggregate of operative facts, and thus fails to meet the "logical relationship test." See Barcena v. TAM Fin. Corp., 2007 WL 1452587, *3 (W.D. Tex. May 8, 2007), Hurtado v. TAM Fin. Corp., 2007 WL 1746884, * 2 (W.D. Tex. June 5, 2007).

These holdings are additionally widely supported by various other courts. See, e.g., Peterson v. United Accounts, Inc., 638 F.2d 1134, 1136 (8th Cir. 1981) (finding that because a counterclaim for the underlying debt was merely permissive, defendant had not waived it by failing to bring it in response to plaintiff's FDCPA claim); Bakewell v. Federal Fin. Group, Inc., 2006 WL 739807, *1 (N.D. Ga. Mar. 21, 2006) (holding FDCPA responsive counterclaim merely permissive); Sparrow v. Mazda Amer. Credit, 385 F. Supp. 2d 1063, 1063 (E.D. Cal. 2005) (finding the counterclaim too distinct to be compulsory); Hart v. Clayton-Parker and

Assoc. Inc., 869 F. Supp. 774, 774 (D. Ariz. 1994) (summarizing pertinent case law and finding all published decisions to find FDCPA counterclaims permissive); Leatherwood v. Universal Business Serv. Co., 115 F.R.D. 48, 49 (W.D. N.Y. 1987). In Hart, for instance, the court also found the facts giving rise to the FDCPA violation and those of the underlying defense to be too discrete. 869 F. Supp. at 777. The court in Hart concluded that the plaintiff's claim turned exclusively on the content of defendant's demand for payments, rendering inapposite any consideration of the validity of the actual debt. Id. Moreover, the defendant's counterclaim required broad proof of facts regarding state contract law. Id.

In spite of this, Defendant, here, argues that the Fifth Circuit's holding in Plant v. Blazer Financial Services, Inc., controls the instant dispute. 598 F.2d 1357, 1357 (5th Cir. 1979). In Plant, the court considered an admittedly similar situation in which a plaintiff filed suit under the Truth in Lending Act (TILA), and the defendant subsequently counterclaimed for the underlying debt obligation. Id. at 1359. There, the court determined that the two claims arose from the same "aggregate of operative facts" and thus met the "logical relationship test." Id. at 1362. As such, the counterclaim for the underlying debt was indeed compulsory. Id.

This Court, however, finds Defendant's reliance on Plant misplaced for two reasons. First, the actual text of the court's opinion in Plant fails to support its extension from the TILA to the FDCPA. In Plant, the court stated, "[a]pplying the logical relationship test to the counterclaim in this case clearly suggests its compulsory character because a single aggregate of operative facts, *the loan transaction*, gave rise to both plaintiff's and defendant's claim." Id. (emphasis added). This is not the case in the situation at bar, however. In regard to an FDCPA claim, the claims arise from two factually distinct scenarios: the loan transaction, as in Plant, and the methods employed to actually collect on that loan, as here. Second, contrary to Defendant's

4

assertion that the TILA is a consumer protection statute "just like" the FDCPA, there are distinct policy differences in the TILA and the FDCPA that support their dichotomous treatment. Violations of the TILA, on one hand, turn directly on the factual circumstances of entering into the loan and allow, in some circumstances, for a plaintiff to dissolve the transaction, while violations of the FDCPA do not in any way implicate the consummation of the loan transaction. See Plant, 589 F. 2d at 1362 (quoting 15 U.S.C.A. § 1601) ("the purpose of the act is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him"); Brown v. Morris, 243 F. App'x 31, 34 (5th Cir. 2007) (quoting Peter v. GC Servs. L.P., 310 F.3d 344, 351-52 (5th Cir. 2002) ("the purpose of the [FDCPA] was 'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices…'"); Taylor v. Domestic Remodeling, Inc., 97 F.3d 96, (5th Cir. 1996) (allowing rescission under TILA for failure to disclose material information).

Finally, Defendant places significant emphasis on the Fifth Circuit's holding in Brown v. Morris, asserting that Brown stands in direct contradiction to the framing of an FDCPA counterclaim as permissive. 243 F. App'x 31 (5th Cir. 2007). As Defendant ably points out, Brown did involve consideration of an FDCPA counterclaim. The court did not, however, address whether the counterclaim was permissive or compulsory. Id. at 35. Instead, the court merely held that "the district court had supplemental jurisdiction over the counterclaim and did not abuse its discretion in allowing it to be asserted." Id. at 35, 36. As will be addressed subsequently, whether the court has supplemental jurisdiction over a claim is a separate inquiry from whether it is a compulsory counterclaim.

Therefore, finding the Fifth Circuit's holdings in Plant and Brown unresponsive to the specific case at bar, this Court finds that the two factual scenarios are too attenuated to arise from

the same aggregate of operative facts. Thus, the Defendant's counterclaim for the underlying debt obligation is permissive, rather than compulsory.

As a permissive claim, Defendant's counterclaim can only be heard in federal court if there is an independent source of jurisdiction. Plant, 598 F.2d at 1359 (citing Diamond v. Terminal Ry. Alabama State Docks, 421 F.2d 228 (5th Cir. 1970). Defendant does not contend that its counterclaim is justiciable under 28 U.S.C. § 1331 or § 1332, but merely asserts that jurisdiction should be granted under § 1367. Under § 1367, the court is empowered to hear claims that form part of the same case or controversy as a validly plead federal claim. Supplemental jurisdiction under § 1367, however, is discretionary and the court need not hear the claim if "there are…compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). As have a number of other district courts that have confronted the issue, this Court finds that significant countervailing policy considerations exist here and the exercise of supplemental jurisdiction would be improper. Barcena, 2007 WL 1452587 at *4, (citing Sparrow, 385 F. Supp. 2d at 1071). As stated in Sparrow, a primary purpose of the FDCPA is to protect individuals from unfair collection practices regardless of whether the debt is owed and allowing a counterclaim might have a significant chilling effect on the number of litigants under the FDCPA. Id. Therefore, the Court finds that the exercise of § 1367 supplemental jurisdiction would be improper in the case at hand.

## **CONCLUSION**

Because Defendant's counterclaim for the underlying debt obligation is permissive rather than compulsory and the Court declines to exercise § 1367 Supplemental Jurisdiction, the Plaintiff's Motion to Dismiss is hereby GRANTED.

SO ORDERED, this the 11th day of September, 2012.

>    **/s/ Sharion Aycock**
>    **U.S. DISTRICT JUDGE**